Filed 8/30/16 Certified for Publication 9/22/16 (unmodified version attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSHUA PEREZ,<br><br>    Defendant and Appellant. | G050927<br><br>(Super. Ct. No. 12WF0669)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING; CHANGE IN JUDGMENT |

It is ordered that the opinion filed on August 1, 2016, be modified in the following particulars:

On page 1, first paragraph, the second sentence is modified to read in full, "Affirmed and remanded with directions."

On page 2, the first full paragraph is deleted and replaced with the following:

"Joshua Perez appeals from a judgment after a jury convicted him of three counts of attempted premeditated murder, discharging a firearm with gross negligence, and vandalism and found true firearm enhancements. Perez argues his 86-years-to-life sentence constitutes cruel and unusual punishment. Although we disagree his 86-years-

to-life sentence constitutes cruel and unusual punishment, we must remand the matter for further proceedings consistent with this opinion.  We affirm the judgment and order a limited remand."

On page 3, second full paragraph, the third sentence is modified to read in full, "Both the prosecution and Perez's defense counsel filed sentencing briefs; Perez argued, among other things, that although he was not a juvenile, his youth meant the maximum sentence would constitute cruel and unusual punishment."

On page 6, first full paragraph is deleted and replaced with the following:

"Perez was 20 years old when he committed the offenses and, therefore, he was not a juvenile.  Thus, pursuant to the factors articulated in *Miller, supra,* 567 U.S. ___ [132 S.Ct. at pp. 2468-2469], and adopted in *Gutierrez, supra,* 58 Cal.4th at pages 1388-1390, Perez's sentence of 86-years-to-life sentence did not constitute cruel and unusual punishment.  That does not end our inquiry however.

In response to *Graham, Miller*, and *Caballero*, the California Legislature passed Senate Bill No. 260, which became effective January 1, 2014, and enacted sections 3051, 3046, subdivision (c), and 4801, subdivision (c), to provide a parole eligibility mechanism for juvenile offenders.  Section 3051, subdivision (b), requires the Board of Parole Hearings to conduct a "youth offender parole hearing" during the 15th, 20th, or 25th year of a juvenile offender's incarceration depending on the controlling offense.  (§ 3051, subd. (b).)  A juvenile offender whose controlling offense carries a term of 25 years to life or greater is "eligible for release on parole by the board during his or her 25th year of incarceration at a youth offender parole hearing, unless previously released or entitled to an earlier parole consideration hearing pursuant to other statutory provisions."  (§ 3051, subd. (b)(3).)  Section 3051, subdivision (h), excludes several categories of juvenile offenders, none of which are applicable here.  (§ 3051, subd. (h).)  In October 2015, the Legislature amended section 3051, and effective January 1, 2016, anyone who committed his or her controlling offense before reaching 23 years of age is

2

entitled to a youth offender parole hearing. (§ 3051, subd. (a)(1), Stats. 2015, ch. 471, § 1, pp. 4174-4176.)

A few months ago, the California Supreme Court filed its opinion in *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*). In *Franklin*, the trial court sentenced defendant to two mandatory terms of 25 years to life for offenses committed when he was 16 years old. The court held defendant's constitutional challenge to the sentence had been mooted by the enactment of sections 3051 and 4801, which gave defendant the possibility of release after 25 years of imprisonment. (*Franklin, supra,* 63 Cal.4th at p. 268.) The court concluded that although resentencing was unnecessary, the court had to remand the matter because it could not determine whether defendant had sufficient opportunity in the trial court "to put on the record the kinds of information that sections 3051 and 4801 deem relevant at a youth offender parole hearing." (*Franklin, supra*, 63 Cal.4th at p. 284.) The court concluded as follows: "If the trial court determines that [defendant] did not have sufficient opportunity, then the court may receive submissions and, if appropriate, testimony pursuant to procedures set forth in section 1204 and rule 4.437 of the California Rules of Court, and subject to the rules of evidence. [Defendant] may place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors." (*Franklin, supra*, 63 Cal.4th at p. 284.)[1]

Here, the trial court sentenced Perez in October 2014. Effective January 1, 2016, section 3051 provided youth offender parole hearings for those who committed

---

[1] In his petition for rehearing, Perez argues the Legislature's amendment of section 3051 and the Supreme Court's decision in *Franklin, supra,* 63 Cal.4th 261, both of which occurred after briefing was complete in this case, require a limited remand. We invited the Attorney General to file an answer to Perez's petition for rehearing. The Attorney General declined our invitation.

their controlling offense under 23 years of age, and in May 2016, the Supreme Court decided *Franklin, supra,* 63 Cal.4th 261.  The record establishes Perez did not have a sufficient opportunity to put on the record the kinds of information that sections 3051 and 4801 deem relevant at a youth offender parole hearing.  Thus, we order a limited remand for both parties "to make an accurate record of the juvenile offender's characteristics and circumstances at the time of the offense so that the Board, years later, may properly discharge its obligation to 'give great weight to' youth-related factors . . . in determining whether the offender is 'fit to rejoin society' despite having committed a serious crime . . . ."  (*Franklin, supra*, 63 Cal.4th at p. 284.)

## DISPOSITION

The matter is remanded for the limited purpose of affording both parties the opportunity to make an accurate record of Perez's characteristics and circumstances at the time of the offense as set forth in *Franklin, supra,* 63 Cal.4th 261.  In all other respects, the judgment is affirmed."

The petition for rehearing is DENIED.  This modification does effect a change in judgment.


                                                O'LEARY, P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.

4

Filed 8/1/16 (unmodifed version) Certified for Publication 9/22/16 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050927 |
| v. | (Super. Ct. No. 12WF0669) |
| JOSHUA PEREZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, John Conley, Judge. Affirmed.

Christopher Nalls, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Collette Cavalier and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

Joshua Perez appeals from a judgment after a jury convicted him of three counts of attempted premeditated murder, discharging a firearm with gross negligence, and vandalism and found true firearm enhancements. Perez argues his 86-years-to-life sentence constitutes cruel and unusual punishment. We disagree and affirm the judgment.

FACTS

One evening, "Mobbing our Professions Crew" (MOPC) gang member Julio Diaz and MOPC associates Gregorio Ariza and Christian Rodriguez were in front of Ariza's apartment. A dark colored car stopped in front of a nearby home. Two heavyset Hispanics were in the car. Moments later, someone fired several shots at Diaz, Rodriguez, and Ariza. The gunman yelled "EBK" and ran away. MOPC and the "Every Body Killer" (EBK) gang were rival gangs, and they had recent skirmishes. Diaz suffered gunshot wounds to his torso and lower back.

The next day, officers interviewed 20-year-old Perez at the police department. After waiving his rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436, Perez admitted he had a "beef" with Diaz and they had fought in the past. Perez initially denied any involvement in the shooting. Perez eventually admitted he "did it," claiming he did so because Diaz was going to "smoke" him. Perez claimed he "did it all [him]self" because he was "tired of that guy." Perez admitted he unloaded his weapon, a .45 caliber handgun, at the three victims. He disposed of the gun in the ocean; officers found .45 caliber ammunition in a box in his bedroom. Perez admitted he yelled "EBK" after the shooting.

An amended information charged Perez with three counts of attempted premeditated murder (Pen. Code, §§ 664, subd. (a), 187, subd. (a), all further statutory references are to the Pen. Code) (counts 1-3), discharging a firearm with gross negligence (§ 246.3, subd. (a)) (count 4), street terrorism (§ 186.22, subd. (a)) (count 5), vandalism (§ 594, subds. (a) & (b)(1)) (count 6), and gang-related vandalism (§§ 186.22, subd. (d),

2

594, subds. (a) & (b)(1)) (count 7).[2] The information alleged Perez committed counts 1, 2, 3, 4, and 6 for the benefit of a criminal street gang (§ 186.22, subd. (b)). As to count 1, the information alleged he personally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)). With respect to counts 2 and 3, the information alleged he personally discharged a firearm (§ 12022.53, subd. (c)).

At trial, Perez testified that on the night of the shooting he drank two 40 ounce beers. Perez got his gun and walked to his friend's house. When Perez saw Diaz, he shot in Diaz's direction to scare him. He did not shoot directly at him and was not trying to kill anyone.

The jury convicted Perez of counts 1, 2, 3, 4, and 6 but acquitted him of counts 5 and 7. The jury found true the premeditation and firearm enhancements. Both the prosecution and Perez's defense counsel filed sentencing briefs; Perez argued, among other things, the maximum sentence would constitute cruel and unusual punishment.

The trial court sentenced Perez to a determinant term of 40 years in prison and an indeterminate term of 46 years to life in prison as follows: count 1-seven years to life plus 25 years to life for the personal use of a firearm enhancement; count 2-seven years to life plus 20 years for the personal use of a firearm enhancement; and count 3-seven years to life plus 20 years for the personal use of a firearm enhancement. The court imposed two-year consecutive sentences on counts 4 and 6.

## DISCUSSION

The United States Supreme Court has made it clear that absent gross disproportionality in the defendant's sentence, no Eighth Amendment violation will be found. (See, e.g., *Ewing v. California* (2003) 538 U.S. 11 [upholding 25-years-to-life sentence for grand theft with priors]; *Lockyer v. Andrade* (2003) 538 U.S. 63 [upholding 50-years-to-life sentence for petty thefts with priors].) Similarly, a sentence will not be

---

[2]     Counts 4, 5, 6, and 7 concern events that occurred on other occasions and are not relevant to the issues presented in this appeal.

found unconstitutional under the California Constitution unless it is so disproportionate to the defendant's crime and circumstances that it shocks the conscience or offends traditional notions of human dignity. (See *People v. Dillon* (1983) 34 Cal.3d 441; *In re Lynch* (1972) 8 Cal.3d 410, 424.)

In *Roper v. Simmons* (2005) 543 U.S. 551, 575 (*Roper*), the Court held the imposition of capital punishment on juvenile offenders for any offense whatsoever violated the Eighth Amendment. In *Graham v. Florida* (2010) 560 U.S. 48, 74 (*Graham*), the Court held the imposition of a life-without-possibility-of-parole sentence on a juvenile offender for a nonhomicide offense violated the Eighth Amendment. Finally, in *Miller v. Alabama* (2012) 567 U.S. ___ [132 S.Ct. 2455, 2464, 2469] (*Miller*), the Court held "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders," although a trial court could in its discretion impose such a sentence after considering how children are different and how the differences weigh against a life sentence.

In *People v. Caballero* (2012) 55 Cal.4th 262, 268 (*Caballero*), the California Supreme Court concluded that, under the reasoning of these United States Supreme Court cases, "sentencing a juvenile offender for a nonhomicide offense to a term of years with a parole eligibility date that falls outside the juvenile offender's natural life expectancy constitutes cruel and unusual punishment in violation of the Eighth Amendment."

Relying on *Roper*, *Graham*, *Miller*, and *Caballero*, Perez, who was 20 years old at the time of the offenses, argues their rationales although "not directly applicable to him," should "appl[y] equally to defendants of [his] age." Perez acknowledges two cases from the Second District, Division Four, *People v. Argeta* (2012) 210 Cal.App.4th 1478 (*Argeta*), and *People v. Abundio* (2013) 221 Cal.App.4th 1211 (*Abundio*), rejected similar claims.

4

In *Argeta, supra,* 210 Cal.App.4th at page 1482, the court stated as follows: "[Defendant] was 18 and was convicted of first-degree murder as a principal. His counsel argue[d] that since the crime was committed only five months after [defendant's] 18th birthday the rationale applicable to the sentencing of juveniles should apply to him. We do not agree. These arguments regarding sentencing have been made in the past, and while '[d]rawing the line at 18 years of age is subject . . . to the objections always raised against categorical rules . . . [, it] is the point where society draws the line for many purposes between childhood and adulthood.' [Citations.] Making an exception for a defendant who committed a crime just [five] months past his 18th birthday opens the door for the next defendant who is only six months into adulthood. Such arguments would have no logical end, and so a line must be drawn at some point. We respect the line our society has drawn and which the United States Supreme Court has relied on for sentencing purposes, and conclude [defendant's] sentence is not cruel and/or unusual under *Graham*, *Miller*, or *Caballero*." (See *Abundio, supra,* 221 Cal.App.4th at pp. 1220-1221.)

We conclude the reasoning in *Argeta* is persuasive and adopt it here. Thus, because Perez was not a juvenile at the time of the offenses, *Roper*, *Graham*, *Miller*, and *Caballero* are not applicable. We decline Perez's invitation to conclude new insights and societal understandings about the juvenile brain require us to conclude the bright line of 18 years old in the criminal sentencing context is unconstitutional. Our nation's, and our state's, highest court have concluded 18 years old is the bright line rule and we are bound by their holdings. (*People v. Bradley* (1969) 1 Cal.3d 80, 86 [Courts of Appeal bound by Supreme Court of United States on federal law matters]; *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [Courts of Appeal bound by Supreme Court precedent].)

Perez contends that if this court concludes *Miller* and *Caballero* "do not categorically apply" to him, the considerations in those cases and others concerning

5

juveniles do apply in a proportionally analysis.  He cites to language from *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1380, where the court, citing to *Miller*, stated, "[D]evelopmental immaturity persists through late adolescence.  [Citations.]"  Perez's reliance on *Gutierrez* is misplaced.  *Gutierrez* involved two 17-year-old offenders who were sentenced to life without the possibility of parole.  (*Id*. at p. 1360.)  The *Gutierrez* court considered the sentences in light of section 190.5, subdivision (b), a statute concerning 16 and 17 year olds who commit special circumstances murder, and *Miller*.  (*Gutierrez, supra,* 58 Cal.4th at p. 1360.)  None of the concerns present in *Gutierrez* are present here.

Perez was 20 years old when he committed the offenses and, therefore, he was not a juvenile.  Thus, the factors articulated in *Miller, supra,* 567 U.S. ___ [132 S.Ct. at pp. 2468-2469] are not relevant here.  Because we conclude the *Miller* factors are not relevant here, to a non-juvenile, we need not remand the matter to the trial court to consider those factors.

DISPOSITION

The judgment is affirmed.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.


6

Filed 9/22/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSHUA PEREZ,<br><br>    Defendant and Appellant. | G050927<br><br>(Super. Ct. No. 12WF0669)<br><br>ORDER GRANTING REQUEST<br>FOR PUBLICATION |

The First District Appellate Project has requested that our opinion filed August 1, 2016, as modified on August 30, 2016, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

The opinion is ordered published in the Official Reports.


                                                            O'LEARY, P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.