Filed 8/28/20  P. v. Dicks CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B298521 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A776772) |
| v. | |
| ERIC DICKS, | |
| Defendant and Appellant. | |

THE COURT:

Eric Dicks challenges an order denying his petition seeking a youth offender hearing.  (Pen. Code, §3051.)[1]  He was convicted by jury in 1987 of two counts of murder in the first degree.  It was proven that he personally used a firearm and is subject to the multiple murder special circumstance.  He was sentenced to life in prison without the possibility of parole.  (§§ 187, subd. (a), 190.2, subd. (a)(3), 1203.06, subd. (a)(1), 12022.5.)

---

[1]  Undesignated statutory references are to the Penal Code.

This court affirmed the judgment. (*People v. Dicks* (Feb. 4, 1993, B031281) [nonpub. opn.].) We wrote that Dicks and his codefendants, armed with guns and in a vengeful mood, went to the home of a rival gang member on September 11, 1985. They knocked on the front door, opened fire and killed a youngster who answered, then entered the home and repeatedly shot the boy's mother, killing her. (*People v. Dicks, supra*, B031281.) The probation report shows that Dicks, born in June 1967, was 18 years old at the time of the murders.

In 2019, Dicks petitioned for a hearing to muster evidence to present to the Board of Parole Hearings. (§ 3051; *People v. Franklin* (2016) 63 Cal.4th 261, 284.) The trial court found that Dicks does not qualify for a hearing and denied his petition. He appealed. (§ 1237, subd. (b).)

We appointed counsel to represent Dicks in his appeal. After examining the record, counsel filed an opening brief raising no issues. (*People v. Wende* (1979) 25 Cal.3d 436, 441–443.) We advised Dicks that he could personally submit any contentions or issues that he wished to raise on appeal. He did not submit a supplemental brief.

The youth offender statute allows the state to review the parole suitability of prisoners who were 25 or younger when they committed their offense. By its own terms, the statute does *not* apply to a prisoner who committed murder after attaining age 18 and is sentenced to prison for life without the possibility of parole. (§ 3051, subd. (h).)

The electorate has determined that at age 18, the most serious adult penalty may attach to convicted murderers. (§ 190.5, subd. (a) [death penalty may be imposed on persons over age 18]; *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1380 [age 18

is the point where society draws the line between childhood and adulthood].  Dicks is not comparable to the youthful offenders in *Miller v. Alabama* (2012) 567 U.S. 460, 465, 479 [mandatory life sentence without possibility of parole given to two 14 year olds] or *People v. Caballero* (2012) 55 Cal.4th 262, 265 [16-year-old defendant sentenced to 110 years to life].  Because Dicks reached the age of 18 before the murders, he is not similarly situated to juvenile offenders and cannot claim a violation of his rights.  (*People v. Abundio* (2013) 221 Cal.App.4th 1211, 1219–1221; *People v. Argeta* (2012) 210 Cal.App.4th 1478, 1482; *People v. Perez* (2016) 3 Cal.App.5th 612, 617.)

We have reviewed the entire record and are satisfied that no arguable issue exists.  (*People v. Wende, supra,* 25 Cal.3d at pp. 441–443; *People v. Kelly* (2006) 40 Cal.4th 106, 125–126.)  The order is affirmed.

NOT TO BE PUBLISHED.

_____

LUI, P. J.   ASHMANN-GERST, J.   HOFFSTADT, J.

3