Filed 5/28/21  P. v. Lorta CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092362 |
| Plaintiff and Respondent, | (Super. Ct. No. CR93973) |
| v. | |
| DAMIAN LORTA, | |
| Defendant and Appellant. | |

In 1990, defendant Damian Lorta pleaded guilty to murder.  Decades later, the Legislature created a mechanism for early parole review for youthful offenders in Penal Code section 3051.[1]  The Supreme Court determined in *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) that defendants who will become eligible for such a parole hearing are entitled to create a record of evidence pertaining to youthful characteristics.

---

[1]     Undesignated statutory references are to the Penal Code.

1

Defendant filed a motion with the trial court seeking a *Franklin* hearing to gather evidence relevant to his eventual youth offender parole hearing and sought appointment of counsel. The trial court denied the motion in a written order without appointing counsel based on *In re Cook* (2019) 7 Cal.5th 439 (*Cook*), finding that a *Franklin* hearing would be unlikely to produce fruitful evidence.

Defendant appeals the trial court's denial of his motion for a *Franklin* proceeding to establish youth-related mitigation factors for a future youth offender parole hearing under section 3051. He also asserts the court erred in failing to appoint counsel before making the discretionary decision to deny him a hearing.

We conclude defendant was eligible for a *Franklin* proceeding, which triggered his right to counsel, and that the factors outlined by the trial court in denying him the proceeding were insufficient to justify the order. Consequently, we reverse the order denying defendant a *Franklin* proceeding and remand for reconsideration with the benefit of appointed counsel.

## BACKGROUND[2]

In 1990, defendant pleaded guilty to numerous felonies, including murder, crimes which he committed when he was 18 years old. Consistent with the terms of his plea agreement, the trial court sentenced defendant to 25 years to life, plus seven years four months, in state prison. Defendant did not appeal his conviction. Defendant was first eligible for parole in January 2012. In 2011, he waived his right to a parole hearing. In 2013, defendant was denied parole for seven years.

---

[2] On September 1, 2020, defendant filed a request for judicial notice pursuant to California Rules of Court, rule 8.252, asking this court to take judicial notice of those documents relied on by the trial court in reaching its decision on defendant's motion for a *Franklin* hearing. That request is granted.

In 2020, defendant waived his right to his March 30, 2020 parole hearing and filed a petition for writ of habeas corpus seeking a hearing under *Franklin, supra*, 63 Cal.4th 261, and *Cook, supra*, 7 Cal.5th 439, to establish a record of relevant youth-related mitigating factors for later consideration by the Board of Parole Hearings at his youth offender parole hearing. On March 5, 2020, the trial court found that a habeas petition is not available in the *Franklin* context after a judgment is final. The court thus denied defendant's petition without prejudice to defendant "filing a motion pursuant to section 1203.01 . . . ."

On May 7, 2020, defendant filed a motion for a *Franklin* proceeding in superior court. Defendant's motion stated he would present evidence concerning hallmarks of youth, inherent impact of age upon his culpability, home and family environment, and the circumstances of the offenses.

The trial court denied defendant's motion on June 17, 2020, apparently without appointing counsel. The court noted "timeliness of the request for relief is a factor to be considered" and, here, "Defendant's conviction is three decades old and any investigation ordered by this Court is unlikely to produce fruitful evidence of Defendant's youthful characteristics. Additionally, a review of the [California Department of Corrections and Rehabilitation] online inmate locator indicates that Defendant has already had a parole suitability hearing. In 2011, Defendant voluntarily waived his right to a parole hearing. In 2013 his parole was denied for seven years. In 2020, Defendant waived his right to a hearing. Defendant's next hearing is scheduled for April 2021. It is apparent that he has had, and continues to have, opportunities to place his youthful characteristics before the Board of Parole Hearings for consideration and that he has had several meaningful opportunities for release."

Defendant appeals from that order.

3

DISCUSSION

I

*Senate Bill No. 260 (2013-2014 Reg. Sess.), Franklin, and Cook*

"[T]he California Legislature passed Senate Bill No. 260 (2013-2014 Reg. Sess.), which became effective January 1, 2014, and enacted sections 3051, 3046, subdivision (c), and 4801, subdivision (c), to provide a parole eligibility mechanism for juvenile offenders." (*People v. Perez* (2016) 3 Cal.App.5th 612, 618.) "In October 2015, the Legislature amended section 3051, and effective January 1, 2016, anyone who committed his or her controlling offense before reaching 23 years of age [became] entitled to a youth offender parole hearing. (§ 3051, subd. (a)(1), amended by Stats. 2015, ch. 471, § 1.)" (*Perez, supra*, at p. 618.) Under revised section 3051, the Board of Parole Hearings "shall complete all youth offender parole hearings for individuals who were sentenced to indeterminate life terms and who [became] entitled to have their parole suitability considered at a youth offender parole hearing on January 1, 2016, by July 1, 2017." (§ 3051, subd. (i)(2)(A).)

In *Franklin*, a 16-year-old defendant shot and killed another teenager; he was convicted of murder with a firearm enhancement and received the statutorily mandated sentence of life in prison with the possibility of parole in 50 years. (*Franklin, supra*, 63 Cal.4th at p. 268.) Our Supreme Court found Senate Bill No. 260 (2013-2014 Reg. Sess.) granted Franklin a parole hearing during his 25th year in prison, which mooted the Eighth Amendment challenge to his sentence. (*Franklin*, at pp. 276-277.) The *Franklin* court "remand[ed] the matter to the trial court for a determination of whether Franklin was afforded sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing." (*Id*. at p. 284.)

The Supreme Court in *Cook* determined the proper avenue to seek a *Franklin* proceeding is through section 1203.01 rather than by way of a habeas corpus petition. (*Cook, supra*, 7 Cal.5th at pp. 446-447.) The court explained: "[T]he proper avenue is to

4

file a motion in superior court under the original caption and case number, citing the authority of section 1203.01 and today's decision. The motion should establish the inmate's entitlement to a youth offender parole hearing and indicate when such hearing is anticipated to take place, or if one or more hearings have already occurred. . . . [C]onsistent with *Franklin* and the court's inherent authority, the offender shall have the opportunity to 'place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors.' " (*Cook*, at pp. 458-459.)

The high court continued: "Although *Franklin* mandates an opportunity for evidence preservation, the trial court may 'exercise its discretion to conduct this process efficiently . . . .' Finally, *Franklin* emphasized that the purpose of the proceeding was to allow the offender to assemble evidence 'at or near the time of the juvenile's offense rather than decades later when memories have faded, records may have been lost or destroyed, or family or community members may have relocated or passed away.' [Citation.] Some offenders who file these postjudgment motions in the trial court may have spent a decade or more in prison. Some may have even come before the Board for a youth offender parole hearing. The court may consider whether a *Franklin* proceeding is likely to produce fruitful evidence considering such factors as the passage of time and whether the offender has already benefitted from the factfinding procedures set forth in section 3051, subdivision (f)(1) and (2) with the assistance of appointed counsel (§ 3041.7; Cal. Code Regs., tit. 15, § 2256, subd. (c))." (*Cook, supra*, 7 Cal.5th at p. 459.)

*Cook* confirmed that the manner and extent of a *Franklin* hearing is left to the discretion of trial courts. (*Cook, supra*, 7 Cal.5th at p. 459.) Trial courts "may" also consider whether a *Franklin* proceeding is unnecessary because it will not produce

"fruitful evidence." (*Ibid*.) "Accordingly, we ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was not arbitrary nor capricious. [Citation.] Critical to the resolution of this case, we note that when a trial court's decision rests on an error of law, that decision is an abuse of discretion. [Citations.]" (*People v. Superior Court* (*Humberto S*.) (2008) 43 Cal.4th 737, 746.)

II

*Analysis*

Defendant argues he was entitled to a *Franklin* proceeding and that the trial court erred in finding the timeliness of his request and his earlier parole hearing opportunities operated to deny him a hearing. Defendant also contends the trial court erred in failing to appoint counsel. The People counter in their reply brief filed December 2, 2020, that the trial court acted within its discretion in relying on the passage of time and past parole hearings under *Cook* to deny defendant a hearing, and because a parole hearing already was scheduled for April 2021 (for which counsel would be appointed), a separate *Franklin* proceeding is unnecessary. Defendant has the more persuasive arguments.

Defendant's motion required two separate analyses: (1) whether he was generally eligible for the *Franklin* fact-gathering process, and (2) whether a *Franklin* proceeding would produce fruitful evidence. *Cook* reaffirmed that *Franklin* "mandates an opportunity for evidence preservation" for eligible prisoners. (*Cook, supra*, 7 Cal.5th at p. 459.) Yet, *Cook* also confirmed trial courts have discretion " 'to conduct this process efficiently, ensuring that the information introduced is relevant, noncumulative, and otherwise in accord with the governing rules, statutes, and regulations.' " (*Ibid*.) This includes determining whether a *Franklin* proceeding is even "likely to produce fruitful evidence." (*Ibid*.)

Defendant satisfied the first analysis by bringing his motion in superior court under the original caption and case number, citing section 1203.01 and *Cook*, establishing

6

his entitlement to a youth offender parole hearing under section 3051 (because he was under 23 years old at the time of the crime), and indicating he had not yet had such a hearing. This renders him eligible for a *Franklin* proceeding. (*Cook, supra*, 7 Cal.5th at p. 459 [*Franklin* "mandat[ed]" an opportunity to preserve evidence and "it would be improper for the court to preclude a juvenile offender's chance to supplement the record with information relevant to his eventual youth offender parole hearing" (*id*. at p. 453)].)

Further, defendant's eligibility for the *Franklin* process triggered his right to appointment of counsel. The right to counsel "applies at all critical stages of a criminal proceeding in which the substantial rights of a defendant are at stake." (*People v. Crayton* (2002) 28 Cal.4th 346, 362.) Section 3051 provides an opportunity to significantly reduce the time for parole eligibility and a *Franklin* hearing is fundamental to this opportunity; it creates a record so that the Parole Board "may properly discharge its obligation to 'give great weight to' [such] factors [citation] in determining whether the offender is 'fit' " for parole. (See *Franklin, supra*, 63 Cal.4th at p. 284.) Given the critical role a *Franklin* proceeding plays in determining parole eligibility at a subsequent youth offender parole hearing, we conclude the proceeding qualifies as a " 'critical stage' " during which the right to counsel attaches. (*People v. Lipptrapp* (2021) 59 Cal.App.5th 886 (*Lipptrapp*).) Thus, a party who has established eligibility for a *Franklin* proceeding is entitled to appointment of counsel. (*Lipptrapp, supra*, at p. 886 [a party moving for relief under section 1203.01 is entitled to the appointment of counsel].)

As for the second analysis, the court relied on the two factors outlined in *Cook* to find a *Franklin* proceeding would be unlikely to produce fruitful evidence: (1) prior opportunity to benefit from section 3051, and (2) passage of time. We conclude these findings were not supported by substantial evidence.

Initially, there is no evidence defendant has already benefitted from section 3051. The parole board was required to have a youth offender parole hearing for defendant in 2017 because he became eligible under section 3051 in 2016. (§ 3051, subd. (i)(2)(A).)

The record does not disclose he had such a hearing and we cannot so assume. Instead, the record indicates he had two parole hearings scheduled well before 2016. Defendant waived the first of those hearings and had parole denied at the second. Prior to 2016, however, defendant had no incentive to create a record of relevant youth-related mitigating factors. The trial court's finding that defendant had "opportunit[ies] to place his youthful characteristics before the Board of Parole Hearings" was therefore unsupported by the evidence.

This leaves passage of time, which cannot be the sole reason for finding a lack of fruitful evidence. The Legislature included a provision for those prisoners who would automatically become eligible on both section 3051's effective date and the effective date of its amendment. (§ 3051, subd. (i).) These prisoners could have been convicted 25 years or more prior to enactment. (§ 3051, subd. (b)(3).) From this it is clear the Legislature intended that the benefits of youth offender parole hearings be available even to those prisoners with decades-old convictions. And, under *Franklin*, prisoners who are entitled to a future youth offender parole hearing are also entitled to an opportunity to prepare a record relevant to such a hearing. (*Franklin, supra*, 63 Cal.4th at pp. 283-284.) Prisoners who were convicted long before they became eligible under section 3051 are therefore entitled to a *Franklin* hearing. (See *In re Loza* (2018) 27 Cal.App.5th 797, 807 [remanding for a Franklin hearing where a defendant's "sentencing took place well before" *Franklin*]; *Lipptrapp, supra*, 59 Cal.App.5th at p. 897 [ordering the trial court to conduct a *Franklin* proceeding where the defendant "ha[d] been incarcerated for over 20 years and he was eligible for the hearing several years before he filed the motion"].)

Defendant was convicted in 1990 and was not eligible for a youthful offender parole hearing until 2016. There is no evidence he has had such a hearing, and the passage of time since his conviction cannot be the sole reason for disqualifying him from the potential benefits of a *Franklin* proceeding. Thus, there is insufficient evidence in the record before us supporting the denial of a *Franklin* proceeding for which defendant is

8

otherwise eligible based on the factors outlined in *Cook*. We must reverse and remand for the trial court to reconsider whether a *Franklin* proceeding would be beneficial.[3] This must also be done with the benefit of counsel appointed for defendant.

## DISPOSITION

The order denying defendant's section 1203.01 motion seeking a *Franklin* proceeding is reversed and the cause is remanded with directions to reconsider the matter consistent with the views expressed herein.


                                         KRAUSE          , J.



We concur:



      RAYE           , P. J.



      DUARTE         , J.

---

[3] The People also argue a *Franklin* proceeding would not be "fruitful" because defendant was scheduled to have a parole hearing in April 2021. That is a matter that the trial court may consider on remand.