Filed 3/4/22  P. v. Jackson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LAMON EDWARD JACKSON,<br><br>    Defendant and Appellant. | C092273<br><br>(Super. Ct. No. 98F06838) |

At the age of 23, defendant Lamon Edward Jackson attempted to shoot his friend during an argument outside defendant's house.  After serving two decades of a life sentence for attempted murder with the personal use of a firearm, defendant filed a motion in the trial court for a *Franklin*[1] proceeding in order to gather evidence for use in a subsequent youth offender parole hearing regarding youth-related factors at the time of the offense.  The trial court denied the motion, finding that (1) due to the passage of time, a *Franklin* proceeding was unlikely to produce fruitful evidence, (2) defendant had an opportunity at a parole hearing in 2019 to present youth-related evidence to the Board of Parole Hearings (parole board), and (3) defendant would have another opportunity at his next scheduled parole hearing in 2024.

---

[1]  *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).

1

Defendant now contends the trial court abused its discretion in denying his *Franklin* motion. Finding no abuse of discretion, we will affirm the trial court's order.

BACKGROUND

In June 1998, defendant and three friends planned to go on an outing together. When the friends arrived at defendant's home to pick him up, one friend got out of the car and defendant confronted him about a conversation the friend had had with defendant's mother in which the friend had described defendant as a "bitch." During the argument, defendant's sister approached the vehicle and pointed a gun at the two friends who remained in the car. When the friend defendant had confronted started to walk away, defendant took the gun from his sister, pointed it at him, and fired one shot. Defendant missed his friend, but hit the vehicle.

Defendant was convicted of attempted murder (Pen. Code, §§ 664/187),[2] assault with a firearm (§ 245, subd. (a)(2)), and discharging a firearm at an occupied motor vehicle (§ 246). Several firearm enhancements were also found true, including personal use of a firearm (§§ 12022.5, subd. (a), 12022.53, subd. (b)), and intentional and personal discharge of a firearm (§ 12022.53, subd. (c)).

In June 1999, the trial court sentenced defendant to life in prison with the possibility of parole for the attempted-murder offense, plus a consecutive 20 years for the intentional and personal discharge of a firearm enhancement, and a concurrent five years for the discharging a firearm at an occupied motor vehicle offense. The trial court imposed but stayed sentence on the other convictions and enhancements under section 654.

Over 20 years later, in March 2020, defendant filed a motion in the trial court requesting a *Franklin* proceeding. Defendant's motion asserted that he was a youthful

---

[2] Undesignated statutory references are to the Penal Code.

2

offender at the time he committed his crimes, and that because his convictions occurred before *Franklin, supra*, 63 Cal.4th 261 and *People v. Perez* (2016) 3 Cal.App.5th 612, he had not been afforded a sufficient opportunity at his sentencing hearing to make a record of information relevant to his eventual youth offender parole hearing. The trial court denied defendant's motion.

## DISCUSSION

### A

In 2013, the California Legislature passed Senate Bill No. 260 (2013-2014 Reg. Sess.) (Senate Bill 260), which became effective January 1, 2014 and enacted sections 3046, subdivision (c), 3051, and 4801, subdivision (c), to provide a parole eligibility mechanism for juvenile offenders. (*Franklin, supra*, 63 Cal.4th at p. 277; *People v. Perez, supra*, 3 Cal.App.5th at p. 618; Stats. 2013, ch. 312, § 1 [section 3051 was adopted "to create a process by which growth and maturity of youthful offenders can be assessed and a meaningful opportunity for release established"].) Under the statutes, prisoners must be provided "a meaningful opportunity to obtain release," and the parole board "shall give great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (§§ 3051, subd. (e), 4801, subd. (c).) The parole board must also review any information from "[f]amily members, friends, school personnel, faither leaders, and representatives from community-based organizations with knowledge about the individual before the crime . . . ." (§ 3051, subd. (f)(2).)

Originally applying only to those juvenile offenders who committed their controlling offense[3] before attaining the age of 18 (Stats. 2013, ch. 312, § 4 [Senate

---

[3] " 'Controlling offense' means the offense or enhancement for which any sentencing court imposed the longest term of imprisonment." (§ 3051, subd. (a)(2)(B).)

Bill 260]), the Legislature twice amended the youth offender parole hearing statute in 2015 and 2017 to expand the age limit to 23 and then 25 years of age, respectively. (Stats. 2015, ch. 471, § 1, eff. Jan. 1, 2016 [Senate Bill No. 261]; Stats. 2017, ch. 675, § 1, eff. Jan. 1, 2018 [Assem. Bill No. 1308]; § 3051, subd. (a)(1).)

In *Franklin*, a 16-year-old defendant shot and killed another teenager; he was convicted of murder with a firearm enhancement and received the statutorily mandated sentence of life in prison with the possibility of parole in 50 years. (*Franklin, supra*, 63 Cal.4th at p. 268.) The California Supreme Court held that because Senate Bill 260 granted the defendant a parole hearing during his 25th year in prison, his Eighth Amendment challenge to his sentence was moot. (*Franklin*, at pp. 276-277.) Nevertheless, the court "remand[ed] the matter to the trial court for a determination of whether Franklin was afforded sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing." (*Id.* at p. 284.)

The Supreme Court subsequently determined that the proper avenue to seek a *Franklin* proceeding is through section 1203.01 rather than by way of a habeas corpus petition. (*In re Cook* (2019) 7 Cal.5th 439, 446-447 (*Cook*).) The court explained: "[T]he proper avenue is to file a motion in superior court under the original caption and case number, citing the authority of section 1203.01 and today's decision. The motion should establish the inmate's entitlement to a youth offender parole hearing and indicate when such hearing is anticipated to take place, or if one or more hearings have already occurred. . . . [C]onsistent with *Franklin* and the court's inherent authority, the offender shall have the opportunity to 'place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors." (*Cook*, at pp. 458-459.)

The Supreme Court continued: "Although *Franklin* mandates an opportunity for evidence preservation, the trial court may 'exercise its discretion to conduct this process efficiently . . . .' [Citations] . . . Finally, *Franklin* emphasized that the purpose of the proceeding was to allow the offender to assemble evidence 'at or near the time of the juvenile's offense rather than decades later when memories have faded, records may have been lost or destroyed, or family or community members may have relocated or passed away.' [Citation.] Some offenders who file these postjudgment motions in the trial court may have spent a decade or more in prison. Some may have even come before the Board for a youth offender parole hearing. The court may consider whether a *Franklin* proceeding is likely to produce fruitful evidence considering such factors as the passage of time and whether the offender has already benefitted from the factfinding procedures set forth in section 3051, subdivision (f)(1) and (2) with the assistance of appointed counsel (§ 3041.7; Cal. Code Regs., tit. 15, § 2256, subd. (c))." (*Cook, supra*, 7 Cal.5th at p. 459.)

B

Defendant contends the trial court abused its discretion in denying his motion for a *Franklin* proceeding. He was 23 years old when he committed the attempted murder offense, making him eligible for a *Franklin* proceeding. But a trial court may nevertheless exercise its discretion to deny such a proceeding under appropriate circumstances. (*Cook, supra*, 7 Cal.5th at p. 459.) We conclude the trial court did not abuse its discretion because at the time of defendant's prior 2019 parole hearing, controlling law required the parole board to give great weight to the fact that defendant was young at the time of the offenses.

Under section 3051, defendant was entitled to a youth offender parole hearing in 2019, during his 20th year of incarceration. (§ 3051, subds. (b)(2), (d).) He had a parole hearing in 2019. Because of his life sentence, defendant was represented by counsel at the 2019 parole hearing. (§ 3041.7.) Moreover, section 4801, subdivision (c) required

5

the parole board to "give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (Stats. 2017, ch. 684, § 2.5, eff. Jan. 1, 2018 (Senate Bill No. 394).)

We presume the parole board performed its duty. (Evid. Code, § 664.) There is nothing in the record to the contrary. Based on the applicable law at the time of defendant's 2019 parole hearing, he had the opportunity and incentive to place youth-related information before the parole board, and the parole board was required to give great weight to such information.

Under these circumstances, the trial court did not abuse its discretion in denying defendant's motion for a *Franklin* proceeding.

DISPOSITION

The order denying defendant's motion for a *Franklin* proceeding is affirmed.


                                          /S/
                                    MAURO, J.


We concur:


       /S/
RAYE, P. J.


       /S/
KRAUSE, J.