Filed 12/14/21

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092779 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F06720) |
| v. | |
| ALLEN BENZLER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Michael A. Savage, Judge. Reversed.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and R. Todd Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Allen Benzler, who was sentenced in 2014 for offenses he committed when he was 18 years old, appeals the summary denial of his motion for a *Franklin* hearing[1] under Penal Code section 1203.01.[2] On appeal, defendant contends he satisfied the eligibility criteria for such a hearing laid out in *In re Cook* (2019) 7 Cal.5th 439 (*Cook*) and did not previously have an opportunity to present evidence related to his status as a juvenile offender. Thus, he argues, the matter must be remanded so he may make a record of this evidence to use in future parole hearings. We will reverse the trial court's order and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2011, when he was 18 years old, defendant killed the victim. The prosecution charged defendant with one count of murder (§ 187) and one count of assault with a firearm (§ 245). The prosecution also alleged personal firearm use enhancements (§ 12022.5) and criminal street gang enhancements (§ 186.22, subd. (b)(1)(C)) as to both counts. A jury found defendant guilty of the assault with a firearm count, and found true both enhancements as to that count. The jury found defendant not guilty of first degree murder, and deadlocked on the lesser included offense of second degree murder. Defendant then pleaded no contest to voluntary manslaughter (§ 192) and admitted the personal firearm use enhancement.

In 2014, the trial court sentenced defendant to an aggregate sentence of 17 years 4 months and defendant waived eight months of custody credits. Defendant was 21 years old at the sentencing hearing and did not introduce any evidence related to his age or its impact on his culpability.

---

[1] *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).

[2] Undesignated statutory references are to the Penal Code.

In 2020, defendant filed a "Motion for Franklin Hearing" in the trial court, under the original caption and case number, seeking a *Franklin* hearing under section 1203.01, and citing *Cook, supra*, 7 Cal.5th 439.  The motion listed the prosecution's allegations against defendant, his age at the time of offenses, and his birthdate.  It explained the legislative changes allowing for youth offender parole hearings and the later expansion of those hearings to offenders under the age of 26 years.  The motion concluded by stating defendant is a youth offender and is entitled to a *Franklin* hearing to "place on the record any documents, evaluations, [and] testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing."

The trial court denied the motion in a short check-box order.  The order did not provide any explanation for the denial.

## DISCUSSION

Defendant argues that, as an offender who committed his offense when he was 18 years old, he will be eligible for a youth offender parole hearing during his 15th year of incarceration under section 3051.  And, because his sentencing hearing occurred nearly two years before the ruling in *Franklin*, he did not have a "meaningful chance" to place on the record any evidence relevant to his "youth-related factors" for use in a later parole board hearing.  Thus, the matter should be remanded so the trial court may consider whether he "was afforded a sufficient opportunity" to put such evidence on the record. We agree.

"[T]he California Legislature passed Senate Bill No. 260 (2013-2014 Reg. Sess.), which became effective January 1, 2014, and enacted sections 3051, 3046, subdivision (c), and 4801, subdivision (c), to provide a parole eligibility mechanism for juvenile offenders." (*People v. Perez* (2016) 3 Cal.App.5th 612, 618 (*Perez*).)  "In October 2015, the Legislature amended section 3051, and effective January 1, 2016, anyone who committed his or her controlling offense before reaching 23 years of age is entitled to a youth offender parole hearing. (§ 3051, subd. (a)(1), amended by Stats. 2015, ch. 471,

3

§ 1.)" (*Ibid.*)  The section was later extended to offenders who were "under age 26 when they committed their crimes."  (*In re Williams* (2020) 57 Cal.App.5th 427, 432.)  Under section 3051, subdivision (b)(1), a youth offender receiving a determinate sentence "shall be eligible for release on parole at a youth offender parole hearing during the person's 15th year of incarceration."  "The Legislature's intent in enacting sections 3051 and 4801 was ' "to establish a parole eligibility mechanism that provides a person serving a sentence for crimes that he or she committed as a juvenile the opportunity to obtain release" ' upon a showing of maturation and rehabilitation."  (*Cook, supra*, 7 Cal.5th at p. 449.)

In *Franklin*, a 16-year-old defendant was convicted of murder with a firearm enhancement and received the statutorily mandated sentence of life in prison with the possibility of parole in 50 years.  (*Franklin, supra*, 63 Cal.4th at p. 268.)  Our Supreme Court found Senate Bill No. 260 granted Franklin a parole hearing during his 25th year in prison, which mooted his Eighth Amendment challenge to his sentence.  (*Franklin,* at pp. 276-277.)  The *Franklin* court remanded "the matter to the trial court for a determination of whether Franklin was afforded sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing."  (*Id.* at p. 284.)

In *Cook*, our Supreme Court explained the proper avenue to seek a *Franklin* proceeding for a final conviction is through a motion under section 1203.01.  (*Cook, supra*, 7 Cal.5th at pp. 446-447.)  The court explained the process in full:  "[T]he proper avenue is to file a motion in superior court under the original caption and case number, citing the authority of section 1203.01 and today's decision.  The motion should establish the inmate's entitlement to a youth offender parole hearing and indicate when such hearing is anticipated to take place, or if one or more hearings have already occurred. . . . [C]onsistent with *Franklin* and the court's inherent authority, the offender shall have the opportunity to 'place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing,

and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors.' [Citation.]" (*Id.* at pp. 458-459.)

The court continued: "Although *Franklin* mandates an opportunity for evidence preservation, the trial court may 'exercise its discretion to conduct this process efficiently . . . .' . . . Finally, *Franklin* emphasized that the purpose of the proceeding was to allow the offender to assemble evidence 'at or near the time of the juvenile's offense rather than decades later when memories have faded, records may have been lost or destroyed, or family or community members may have relocated or passed away.' [Citation.] Some offenders who file these postjudgment motions in the trial court may have spent a decade or more in prison. Some may have even come before the Board for a youth offender parole hearing. The court may consider whether a *Franklin* proceeding is likely to produce fruitful evidence considering such factors as the passage of time and whether the offender has already benefitted from the factfinding procedures set forth in section 3051, subdivision (f)(1) and (2) with the assistance of appointed counsel (§ 3041.7; Cal. Code Regs., tit. 15, § 2256, subd. (c))." (*Cook, supra*, 7 Cal.5th at p. 459.)

*Cook* confirmed that the manner and extent of a *Franklin* hearing is left to the discretion of the trial court. (*Cook, supra*, 7 Cal.5th at p. 459.) As the Attorney General concedes, in deciding whether the trial court has abused its discretion we are required to "ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious. [Citation.] Critical to the resolution of this case, we note that when a trial court's decision rests on an error of law, that decision is an abuse of discretion." (*People v. Superior Court* (*Humberto S.*) (2008) 43 Cal.4th 737, 746.)

Here, defendant's motion met the initial requirements for eligibility. Defendant filed his motion in the trial court under the original caption and case number, cited

5

section 1203.01 and *Cook*, stated he was entitled to a youth offender parole hearing under section 3051 because he was 18 years old at the time of the crime, and expressly requested a *Franklin* hearing. He was sentenced before section 3051 had been extended to his age group and before *Franklin* was decided, and thus had no opportunity or reason to place the relevant information on the record. This made him eligible for a *Franklin* proceeding. (*Cook, supra*, 7 Cal.5th at pp. 453, 459 [*Franklin* "mandat[ed]" an opportunity to preserve evidence and "it would be improper for the court to preclude a juvenile offender's chance to supplement the record with information relevant to his eventual youth offender parole hearing"]; *Perez, supra*, 3 Cal.App.5th at pp. 618-619 [20-year-old defendant sentenced in 2014 eligible for *Franklin* hearing].)

It is not clear from the trial court's order what reasoning the court used to deny defendant's motion. To the extent the trial court concluded defendant was ineligible for an opportunity to preserve evidence under *Franklin*, the court's conclusion was not accurate.

The People argue a *Franklin* hearing would be "futile," both because defendant has already received a parole "consultation," and thus already has had an opportunity to present evidence of any youth-related factors, and because he is scheduled for a parole hearing in 2027, which is before he would be eligible for a youth offender parole hearing under section 3051.[3] The records provided by the People do not explain the nature of

---

[3] The People ask us to take judicial notice of a printout from the Department of Corrections and Rehabilitation's inmate locator Web site, indicating defendant has a parole suitability hearing set for January 2027 and had a "consultation" with the parole board in March 2021. Defendant does not object to the request. We will grant the request and take judicial notice of the dates. (Evid. Code, §§ 459, subd. (a) ["The reviewing court may take judicial notice of any matter specified in Section 452"], 452, subd. (h) [permitting a court to take judicial notice of facts "capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy"]; *People v. Seumanu* (2015) 61 Cal.4th 1293, 1372-1373 [court may take judicial notice of facts maintained on Department of Corrections and Rehabilitation Web site].)

defendant's "consultation" or demonstrate it provided him an opportunity to present any evidence.[4]  And, as defendant notes, the procedure set forth in *Cook* anticipates the possibility a defendant will have or may already have had other parole hearings.  (*Cook, supra*, 7 Cal.5th at p. 459 ["Some offenders who file these postjudgment motions . . . may have even come before the Board for a youth offender parole hearing"].)  We conclude the record does not support the conclusion defendant had adequate opportunities to place evidence of his youthful characteristics on the record.

The People further argue we should presume the trial court determined "a *Franklin* proceeding was unnecessary because it was unlikely to produce fruitful evidence," given the fact that trial court rulings are presumed correct, absent a demonstration of prejudicial error in the record.  But if the trial court rejected defendant's motion because it was unlikely to produce fruitful evidence, there is insufficient evidence in the record to substantiate the court's determination.  As explained above, there is no evidence defendant has already gained the benefits of a *Franklin* hearing.  Moreover, section 3051, subdivision (f) lays out a variety of evidence that a parole board may take into consideration regarding "the diminished culpability of youth as compared to that of adults," including "psychological evaluations and risk assessment instruments," as well as statements from "[f]amily members, friends, school personnel, faith leaders, and representatives from community-based organizations with knowledge about the individual before the crime or the individual's growth and maturity since the time of the crime."  No such evidence was entered into the record, either at sentencing or thereafter.

---

[4]  Although not argued by the People, the timing of the "consultation" suggests a meeting under section 3041, subdivision (a)(1), in which parole officials "provide the inmate information about the parole hearing process" and give "individualized recommendations for the inmate regarding his or her work assignments, rehabilitative programs, and institutional behavior."

Nor does the mere passage of time make it unlikely that a *Franklin* hearing would produce fruitful evidence. The Legislature included provisions for those prisoners who would automatically become eligible on both section 3051's effective date and the effective dates of its amendments. (§ 3051, subd. (i).) The affected prisoners could have been convicted 25 years or more before the enactment date. (§ 3051, subd. (b)(3).) The Legislature intended that the benefits of youth offender parole hearings be available even to those prisoners with decades-old convictions. (*Franklin, supra*, 63 Cal.4th at p. 278 ["The statutory text makes clear that the Legislature intended youth offender parole hearings to apply retrospectively, that is, to all eligible youth offenders regardless of the date of conviction."].) And, under *Franklin*, prisoners who are eligible for a youth offender parole hearing are entitled to an opportunity to prepare a record relevant to such a hearing. (*Id.* at pp. 283-284.) Prisoners who were convicted before they became eligible under section 3051 are entitled to a *Franklin* hearing. (See *In re Loza* (2018) 27 Cal.App.5th 797, 807 [remanding for a *Franklin* hearing where a defendant's "sentencing took place well before" *Franklin*]; *People v. Lipptrapp* (2021) 59 Cal.App.5th 886, 897 [ordering the trial court to conduct a *Franklin* proceeding where the defendant had "been incarcerated for over 20 years and he was eligible for the hearing several years before he filed the motion" (fn. omitted)]; *Perez, supra*, 3 Cal.App.5th at p. 619 [remanding for *Franklin* hearing where the defendant "did not have a sufficient opportunity to put on the record the kinds of information that sections 3051 and 4801 deem relevant"].)

Defendant was convicted in 2014 and was only later made eligible for a youth offender parole hearing. (*Perez, supra*, 3 Cal.App.5th at p. 618.) There is no indication he has had an opportunity to place evidence relevant to such a hearing on the record, the passage of time since his conviction cannot be the *sole* reason for disqualifying him from the potential benefits of a *Franklin* proceeding unless the record affirmatively establishes substantial evidence supporting disqualification on this ground, and we have no way of

8

knowing if there was substantial evidence because the trial court did not provide any rationale for denying defendant's motion. Thus, there is insufficient evidence to support the denial of a *Franklin* proceeding for which defendant is otherwise eligible. Accordingly, we will reverse the trial court's order and remand for the trial court to reconsider whether to conduct a *Franklin* proceeding.

## DISPOSITION

The order denying defendant's section 1203.01 motion seeking a *Franklin* proceeding is reversed and the matter is remanded for further proceedings consistent with this opinion.

/s/
HOCH, J.

We concur:

/s/
MURRAY, Acting P. J.

/s/
KRAUSE, J.

9