Filed 4/18/25  P. v. Baker CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C100823 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-2011-0005672, SF117345A) |
| v. | |
| RICKEY RENARD BAKER, | |
| Defendant and Appellant. | |

Defendant Rickey Renard Baker filed a motion for evidence preservation under Penal Code[1] section 1203.01 and *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*); he also requested appointment of counsel.  The trial court denied defendant's motion without explanation.  The parties agree this was error because defendant's motion was

---

[1]      Undesignated section references are to the Penal Code.

1

sufficiently pled to initiate a hearing under section 1203.01. We reverse the trial court's order and remand the matter for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2012, defendant pled guilty to two counts of kidnapping, one count of rape in concert with the use of a firearm, one count of forced oral copulation, and two counts of second degree robbery. Pursuant to the plea agreement, the trial court sentenced defendant to a determinate term of 25 years.[2] In February 2024, defendant, while incarcerated, filed a motion titled "[m]otion for evidence preservation proceeding under . . . [section] 1203.01 in addition, for appointment of counsel" under the original trial court caption and case number.

The motion provided that defendant sought "evidence preservation proceedings under . . . [section] 1203.01" to "make [a] record of mitigating youth-related evidence existing at the time of his commitment offences, and to correct the record transmit[ted] to [the Department of Corrections and Rehabilitation with] respect to [defendant]." Defendant further requested appointment of counsel "to represent him for his *Franklin* hearing." (Italics added.)

In the motion, defendant alleged he was 23 years old at the time of his offenses, eligible for early release parole consideration under sections 3051 and 4801, and due to appear before the Board of Parole Hearings no later than April 2025. Defendant further alleged he could not have "foreseen the future changes in law that made him eligible for review" under sections 3051 and 4801 and pointed to his "diminished culpability" as a youth at the time of his offenses. Therefore, defendant argued, "[H]e was not offered the opportunity to establish and preserve for the record his diminished culpability related to

---

[2]     The sentencing hearing was held on May 1, 2012. A court reporter was present for the sentencing proceeding but did not transcribe it.

2

his youthfulness or the hallmark features of youth present [during] his [comm]itment offences."

In March 2024, the trial court denied his motion in a written order and dropped the matter from its calendar without explanation.

Defendant appeals.

DISCUSSION

Defendant argues he is "entitled to a youth offender parole hearing" and "may obtain proceedings in the trial court to preserve and collect mitigating evidence . . . in anticipation of the parole hearing." Defendant contends his February 2024 motion "included . . . substantially all of the elements delineated in *Cook*[3]" and therefore, was "sufficient to initiate proceedings under section 1203.01." (Some italics omitted.) The People concede defendant's "motion was sufficient to initiate a hearing" and agree "the matter should be remanded for further proceedings." We agree with the parties.

In 2013, the California Legislature enacted a parole eligibility mechanism for juvenile offenders. (*Franklin*, *supra*, 63 Cal.4th at p. 277; *People v. Perez* (2016) 3 Cal.App.5th 612, 618.) Section 3051 "provides all juvenile offenders with a parole hearing during or before their 25th year of incarceration." (*Franklin*, at p. 278.) Section 3051 applies to any person incarcerated for a "controlling offense" committed when they were 25 years of age or younger. (§ 3051, subds. (a)(1), (b)(1).) The hearing must be held no later than a person's 15th, 20th, or 25th year of incarnation depending on the controlling offense. (§ 3051, subd. (b).) Section 4801, subdivision (c) provides that the Board of Parole Hearings "shall give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." This allows an

---

**3**     *In re Cook* (2019) 7 Cal.5th 439 (*Cook*).

offender to "place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at [a defendant's] eventual youth offender parole hearing." (*Franklin*, at p. 284.)

After *Franklin*, our Supreme Court in *Cook* extended the remedy of evidence preservation under section 1203.01 to final judgments. (*Cook*, *supra*, 7 Cal.5th at pp. 446-447.) "[T]he proper avenue is to file a motion in [the trial] court under the original caption and case number, citing the authority of section 1203.01 and today's decision[, i.e., *Cook*]. The motion should establish the inmate's entitlement to a youth offender parole hearing and indicate when such hearing is anticipated to take place, or if one or more hearings have already occurred." (*Cook*, at p. 458.) "Rigorous pleading and proof requirements" are not required. (*Id*. at p. 457.)

In *People v. Lipptrapp* (2021) 59 Cal.App.5th 886, 889, the Fourth District Court of Appeal, Division Three, reversed the trial court's denial of a postjudgment *Franklin* proceeding. It held the defendant's improper request for resentencing and appointment of counsel, as well as his failure to specify the dates of his previous or upcoming parole hearings, was not fatal. (*Id*. at pp. 894-896.) Rather, it held that our Supreme Court "reasonably envisioned a simple pleading mechanism to get the process started." (*Id*. at p. 896.)

In the instant case, we hold that defendant's motion substantially satisfies the requirements outlined in *Cook*. Defendant filed his motion under the original caption and case number. Defendant stated he was 23 years old at the time of his offenses, expected to appear before the Board of Parole Hearings no later than April 2025, and could not have foreseen the changes to the early parole provisions contained in sections 3051 and 4801. Defendant mentioned *Franklin* and cited to the appropriate code sections, along with a discussion of the relevant law, making it clear he was seeking a postjudgment *Franklin* proceeding. Defendant did not list the specific evidence he hoped to present but did reference categories of information that would be relevant to early parole

4

consideration, such as evidence of growth, maturity, and the diminished culpability of juveniles. Defendant did not cite to *Cook*, but it is inconsequential because "section 1203.01 does not impose . . . rigorous pleading and proof requirements" (*Cook*, *supra*, 7 Cal.5th at p. 457) and defendant indicated his case was final and he was availing himself of a postjudgment application of *Franklin*, as was the case in *Cook*. This was enough to inform the trial court of the purpose of defendant's motion and to get the process started. (See *People v. Lipptrapp*, *supra*, 59 Cal.App.5th at p. 893.)

There is nothing in the record to suggest the trial court based its decision on whether "fruitful evidence" would result or that it considered factors of exercising its discretion as delineated in *Cook*. (*Cook*, *supra*, 7 Cal.5th at p. 459 [the trial court may exercise its discretion to deny the motion if the information sought is irrelevant, cumulative, or otherwise not in accordance with the governing rules, statutes, and regulations].) Nor could the court have found a lack of fruitful evidence because defendant's original sentencing transcript is not available. Because defendant substantially met the requirements in *Cook*, defendant should have the opportunity to introduce evidence regarding youth-related factors that was not available to him at the time of his sentencing. We reverse and remand the matter to allow defendant an opportunity to proffer evidence he seeks to present at a *Franklin* proceeding.

On remand, the court may "require . . . proof regarding the evidence [defendant] seeks to present, so that it can determine whether such evidence is relevant to youth-related factors and meaningfully adds to the . . . record." (*Cook*, *supra*, 7 Cal.5th at p. 459.) The court may "determine whether testimony is 'appropriate' [citation], or if other types of evidentiary submissions will suffice." (*Ibid*.) Indeed, the trial court should exercise its discretion to ensure the evidence " 'introduced is relevant, noncumulative, and otherwise in accord with the governing rules, statutes, and regulations.' " (*Ibid*.) We further note the trial court will need to decide the scope of defendant's right to counsel in the first instance on remand.

## DISPOSITION

The order denying defendant's motion is reversed.  The matter is remanded to the trial court to allow defendant an opportunity to proffer evidence he seeks to introduce at a *Franklin* proceeding.

 

 

/s/ _____

ROBIE, Acting P. J.

 

We concur:

 

/s/ _____

RENNER, J.

 

/s/ _____

WISEMAN, J.*

---

\*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.